# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KRISTEN CASEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. 4:18-cv-044-DGK |
| ) | |
| ORBITAL ATK, INC., and ) | |
| BUSINESS PERSONNEL SERVICES, INC., ) | |
| ) | |
| Defendants. ) | |

## ORDER GRANTING MOTION TO AMEND, DENYING MOTION TO DISMISS

This lawsuit stems from Plaintiff Kristen Casey's allegations that she was subjected to sexual harassment, gender discrimination, and race discrimination while working at Defendant Orbital ATK, Inc.'s ("Orbital") Lake City Army Ammunition Plant. Plaintiff was placed at the plant by a temporary employment agency, Defendant Business Personnel Services, Inc. ("BPS").

Now before the Court is Orbital's Motion to Dismiss (Doc. 3) and Casey's Motion to Amend Complaint (Doc. 12). Holding that Plaintiff's Title VII claims in the amended complaint relate back to her original complaint, the motion to amend is GRANTED and the motion to dismiss is DENIED AS MOOT.

**Procedural Background**

The relevant procedural history is as follows. On July 15, 2016, Plaintiff filed charges of employment discrimination with the Missouri Commission on Human Rights ("MCHR") and the federal Equal Employment Opportunity Commission ("EEOC") asserting identical claims of discrimination and retaliation against Orbital and BPS. At Plaintiff's request, the MCHR terminated its proceedings with respect to BPS on August 17, 2017, and issued a notice of right to sue with

regard to BPS that same day. Shortly thereafter, on August 24, 2017, Plaintiff filed suit in Jackson County Circuit Court—four days before significant revisions to the Missouri Human Rights Act became effective. Plaintiff did not include in her petition any Title VII claims.

On September 21, 2017, the EEOC issued a dismissal and notice of rights letter to Plaintiff, advising her that she had 90 days to file suit under Title VII.

On November 7, 2017, the MCHR issued a right to sue letter with regard to Orbital. Plaintiff subsequently served Orbital with the lawsuit on December 19, 2017.

Orbital removed the lawsuit to federal court on January 17, 2018, by invoking the Court's "federal enclave" jurisdiction. On January 18, 2018, Orbital filed the pending motion to dismiss, noting the ammunition plant was a federal enclave and the MHRA does not apply to federal enclaves.[1]

April 2, 2018, Plaintiff filed her response opposing the motion to dismiss (Doc. 11). She did not address Orbital's argument that the MHRA does not apply to federal enclaves. Instead, she argued the motion should be denied because she was a victim of discrimination, harassment, and retaliation, that she should be allowed to amend her complaint to bring her Title VII claims, and that these claims relate back to her original complaint because they stem from the same common core of operative facts alleged in the original complaint. At the same time, Plaintiff filed the pending motion to amend the complaint to include her Title VII claims.

On April 30, 2018, Orbital filed its brief opposing the motion to amend, arguing Plaintiff made a strategic decision to abandon her Title VII claims when she filed suit, and that she should not

---

[1] In 1947, the State of Missouri consented to federal acquisition of the Lake City Army Ammunition Plant, granting the federal government exclusive jurisdiction over it. *See Miller v. Wackenhut Serv. Inc.*, 808 F. Supp. 697, 699 (W.D. Mo. 1992) (holding the plant is United States government property and a federal enclave); *Bell v. Alliant Lake City Small Caliber Ammunition Co.*, LLC, No. 05-1106-CV-ODS, 2006 WL 742272, at *1 (confirming the ammunition plant is a

be permitted to assert these claims now since they are time-barred and do not relate back to her original complaint.

**Standard of Review**

A complaint may also be dismissed if it fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Plaintiff need not demonstrate the claim is probable, only that it is more than just possible. *Id.* In reviewing the complaint, the court construes it liberally and draws all reasonable inferences from the facts in the Plaintiff's favor. *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009).

The Federal Rules of Civil Procedure also provide that twenty-one days after a 12(b)(6) motion has been filed, "a party may amend its pleadings only with the opposing party's written consent or the court's leave. The Court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a). While "leave to amend shall be freely given when justice so requires, plaintiffs do not have an absolute or automatic right to amend." *United States v. Fairview Health Sys.*, 413 F.3d 748, 749 (8th Cir. 2005) (citations omitted). "Leave is properly denied when there has been undue delay, bad faith, or dilatory motive on the part of the movant, if the amendment would cause undue prejudice to the non-movant, or if the amendments would be futile." *Harris v. SWAN, Inc.*, 459 F. Supp. 2d 857, 865 (E.D. Mo. 2005).

---

federal enclave and dismissing the plaintiff's MHRA claims since "Federal law is the only law governing [the ammunition plant], except to the extent Congress specifically authorizes state regulation.").

## Discussion

If Plaintiff had moved to amend within twenty-one days of being served with Orbital's motion to dismiss, she could have amended her complaint as a matter of course under Rule 15(a). She did not, so she must move to amend under Rule 15(a)(2).

Applying Rule 15 and the applicable caselaw, the Court finds leave to amend should be given. While Plaintiff made an initial strategic decision to pursue only her MHRA claims in order to litigate this case in state court, she was free to do so because as a plaintiff she is master of her complaint. Her decision to assert her Title VII claims after removal does not constitute undue delay, bad faith, or a dilatory motive, nor would it cause undue prejudice to Orbital. Further, the proposed amendments are not futile since they relate back to the original complaint: they arise out of the same conduct set out in the original complaint because they have their factual basis in the original complaint. *See* Fed. R. Civ. P. 12(c)(1)(B); *Maegdlin v. Int'l Ass'n of Machinists & Aerospace Workers, Dist. 949*, 309 F.3d 1051, 1053 (8th Cir. 2002) (observing it is the well pleaded facts, not the theory of recovery or legal conclusions, that state a cause of action and put the defendant on notice); *see also Mayle v. Felix*, 545 U.S. 644, 659 (2005) (observing "relation back depends on the existence of a common core of operative facts uniting the original and newly asserted claims"). Accordingly, the motion to amend the complaint (Doc. 12) is GRANTED, and Orbital's motion to dismiss the complaint (Doc. 3) is DENIED AS MOOT.

Plaintiff shall file the proposed amended complaint within three business days of this order.

**IT IS SO ORDERED.**

Dated: July 27, 2018      /s/ Greg Kays
                                                GREG KAYS, CHIEF JUDGE
                                                UNITED STATES DISTRICT COURT